UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN PAK, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No. 21-cv-05032-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 50 |

Having reviewed the additional documents provided by defendant Guardian Life Insurance Company of America ("Guardian") in connection with its request that I order plaintiff Johnathan Pak to "fully respond" to Requests for Admission ("RFAs") Nos. 1-3, 6, and 7, Guardian's request is DENIED.

On May 27, 2022, the parties submitted a statement regarding two discovery disputes: whether Pak had failed to produce applications for privileges at hospitals and surgical centers, and whether he had adequately responded to the above-mentioned requests. *See* Dkt. No. 50. I ordered Guardian to file the RFAs and Pak's responses so that I could evaluate the latter. Dkt. No. 51. Guardian did so on June 3, 2022. Dkt. No. 52.[1]

RFA No. 1 directs Pak to "[a]dmit that more than 90% of the patients to whom YOU administered anesthesia between January 2018 and January 2019 were over the age of 12." *See* Collins Decl., Ex. B. RFAs No. 2 and 3 ask the same, except they use "more than 75%" and "more than 50%," respectively. *See id.* Pak's substantive responses to all three RFAs is identical:

---

[1] In the attached declaration, Guardian withdrew its request that I order Pak to fully respond to another RFA, No. 15. *See* Collins Decl. [Dkt. No. 52] ¶ 7.

> Plaintiff is unable to admit or deny this Request because information regarding the age of the patients he treated during the period in question is not available to him. The ASA/CPT code reports do not provide a complete picture of Plaintiff's occupational duties as a pediatric anesthesiologist as the reports only memorialize billable events (such as the surgical/anesthetic encounter, itself). However, every surgical/anesthetic encounter necessarily entails a significant amount of pre- and post-operation work that is simply not accounted for in the ASA/CPT code reports. For instance, the ASA/CPT code reports do not provide any data on the following duties: pediatric call, pediatric surgery consults, NICU airway management backup, PICU evaluations, curbside consults, and IV access.

*See id*.

I assume the truth of Pak's responses. A party may state that it cannot admit or deny a request for admission if "the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Pak has done just this, asserting that the information available (the ASA/CPT code reports) is insufficient to admit or deny RFA Nos. 1-3.

RFA No. 6 asks Pak to "[a]dmit that after February 2019 you administered anesthesia to patients who were age 12 or younger." *See* Collins Decl., Ex. B. Pak objected on the grounds that the phrase "administered anesthesia" was "vague, ambiguous, and unintelligible," as his practice "was comprised of a wide array of substantial and material duties . . . all of which constitute 'administering anesthesia.'" *See id*. He then stated that he was "unable to admit or deny this Request because information regarding the age of the patients he treated during the period in question is not available to him." *See id.*

No. 7 requests a similar admission, that Pak "[a]dmit that after February 2019 you practiced in the medical subspecialty of pediatric anesthesiology." *See id*. Pak stated that he was "unable to admit or deny this Request because the term 'practiced' is vague, ambiguous, and unintelligible," and that it was "unclear whether the term 'practiced' strictly refers to the performance of clinical duties, or other activities as well such as studying, researching, and coordinating patient care." *See id*. He later supplemented his response, stating that he was unable to admit or deny the request "as he does not recall whether he 'practiced in the medical subspecialty of pediatric anesthesiology' 'after February 2019.'" *See* Collins Decl., Ex. C.

Pak's responses are again sufficient. If the information is not available to him, or he cannot recall his practice, he cannot admit or deny the requests. *See* Fed. R. Civ. P. 36(a)(4)

2

1  (permitting a parting to assert "lack of knowledge or information as a reason for failing to admit or
2  deny").  These answers also do not preclude Guardian's fact-finding; it is likely that Guardian
3  sought the same information through other means of discovery, and it may test Pak's recollection
4  of his practice, and the credibility of his responses, at trial.
5    For these reasons, Guardian's request is DENIED.
6    **IT IS SO ORDERED.**
7  Dated: June 7, 2022



William H. Orrick
United States District Judge